PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2000 Ford F150 truck struck a metal expansion joint on the bridge on Route 460 in Mercer County. Route 460 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 12:45 p.m. on October 4,2007. The incident occurred on the steel beam bridge on Route 460. Claimant was driving at approximately fifty-five miles an hour when his vehicle struck the bridge’s metal expansion joint that had come loose and was jutting up several inches above the road surface in his lane of traffic. Claimant stated that he travels on Route 460 approximately every month or every couple of months to visit his son. He had never noticed any problems on the bridge surface prior to this incident. Claimant’s vehicle sustained damage to four tires, four rims, and its alignment in the amount of $3,066.00. In addition, claimant had to rent a truck for eight days at a cost of $660.64. Since claimant’s insurance deductible at the time of the incident was $500.00, his recovery is limited to that amount.
The position of the respondent is that it did not have actual or constructive notice of the condition on Route 460. Eddie Kessler was the Princeton Interstate Supervisor for respondent at the time of this incident. Mr. Kessler testified that another individual had called on October 4,2007, to report the problem. Respondent sent a crew to this location immediately after receiving the call and closed the lane of traffic. Prior to the time of this accident, respondent did not receive any complaints regarding the condition of the road at this location.
Timothy Powell, District 10 Bridge Engineer in Mercer County, is responsible for the design, repair, inspection, evaluation, and construction of bridges in Mercer County. Mr. Powell stated that Mr. Kessler informed him of the problem with the expansion j oint on the bridge. Mr. Powell had the bridge crew repair this area on October 5, 2007. He explained that expansion joints are designed to prevent cracks on the deck of the bridge, and the failure of an expansion joint is not a common occurrence. He stated that there are certain signs that can indicate the failure of a bridge joint. During the inspection of the bridge in August 2004, Mr. Powell stated that respondent discovered that the metal expansion joint had come loose. In January 2005, the expansion joint in question was put in place of the one that was in disrepair. Mr. Powell testified that he travels on this road approximately five times a week and never noticed any problems on the bridge surface.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of *144 this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the metal expansion joint which claimant’s vehicle struck and that it presented a hazard to the traveling public. Claimant had no reason to suspect the failure of the metal expansion j oint whereas respondent had notice that the previous metal expansion joint had come loose at this location. Although the metal expansion joint was repaired, these repairs proved inadequate since the repaired expansion joint created a hazardous condition to the traveling public on the bridge at the time of claimant’s incident. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to his vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $500.00.
Award of $500.00.